WO  IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WILLIAM CURTIS, M.D., and PEDRO VALDES, M.D.,<br><br>        Plaintiffs,<br><br>vs.<br><br>PROVIDENCE HEALTH AND SERVICES,<br><br>        Defendant. | No. 3:18-cv-0233-HRH |

O R D E R

Motion to Remand

Plaintiffs move to remand this matter to state court, or, in the alternative to take jurisdictional discovery.[1] This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

Background

Plaintiffs are William Curtis, M.D., and Pedro Valdes, M.D., both of whom are alleged to be residents of Anchorage, Alaska.[3] Defendant is Providence Health and Services

---

[1]Docket No. 8.

[2]Docket No. 10.

[3]Complaint at 1, ¶¶ 1-2, Exhibit A, Notice of Removal, Docket No. 1.

-1-

("PH&S"), which is alleged to be "a Washington non-profit corporation whose principal place of business is Anchorage, Alaska."[4]

Plaintiffs are cardiothoracic surgeons who had medical staff privileges at Providence Alaska Medical Center ("PAMC"). Plaintiffs allege that their staff privileges were terminated in September 2018 because PAMC had entered into an exclusive contract with Starr-Wood for cardiothoracic surgery services.[5]

On September 4, 2018, plaintiffs commenced this action in state court, asserting antitrust, breach of contract, breach of the implied covenant of good faith and fair dealing, unfair trade practices, and intentional interference with contract claims. Defendant was served with the complaint on September 7, 2018. On October 5, 2018, the case was removed to this court on the basis of diversity jurisdiction.

Pursuant to 28 U.S.C. § 1447(c), plaintiffs now move to remand the matter to state court, or in the alternative, to take jurisdictional discovery.

Discussion

Section 1447(c) provides, in relevant part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "A federal court has [diversity] jurisdiction over the underlying dispute if the suit is between

---

[4] Id. at 1, ¶ 3.

[5] Id. at 5-6, ¶¶ 29, 31. Although in their complaint, plaintiffs allege that it was PAMC which entered into the agreement with Starr-Wood, in their motion to remand, they suggest that Providence Health & Services – Washington was the entity that entered into the contract with Starr-Wood. Motion to Remand [etc.] at 7, Docket No. 8.

citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs. . . ." Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010). Here, there is no dispute that the amount in controversy has been met. But, there is a dispute as to whether defendant and plaintiffs are residents of different states.

"[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction," such as this one, "the proponent of federal jurisdiction—typically the defendant in the substantive dispute—has the burden to prove, by a preponderance of the evidence, that removal is proper." Id. at 1106-07. "The preponderance of the evidence standard applies because removal jurisdiction ousts state-court jurisdiction and 'must be rejected if there is any doubt as to the right of removal in the first instance.'" Id. at 1107 (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992)). "This gives rise to a 'strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper.'" Id. (quoting Gaus, 980 F.2d at 566). "For these reasons, '[the court] strictly construe[s] the removal statute against removal jurisdiction.'" Id. (quoting Gaus, 980 F.2d at 566). Although "a plaintiff seeking remand has the burden to prove that an express exception to removal exists[,]" Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008), "any doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).

The removal statute, 28 U.S.C. § 1446(a), expressly provides that "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal. . . ." "It is axiomatic that only a defendant may remove an action from state to federal court." Anaya v. QuickTrim, LLC, No. CV 12–1967–CAS(DTBx), 2012 WL 6590825, at *3 (C.D. Cal. Dec.17, 2012).

Plaintiffs argue that this case was improperly removed because it was removed by a non-party. Plaintiffs contend that Providence Health & Services – Washington ("PH&S-WA") removed the case, not defendant PH&S, because the Notice of Removal reads: "Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Providence Health & Services – Washington, d/b/a Providence Alaska Medical Center ('Providence') hereby removes this case. . . ."[6] Because a non-party cannot remove a case from state court, plaintiffs argue that this case must be remanded.

Defendant acknowledges that the Notice of Removal refers to PH&S-WA, but defendant argues that PH&S filed the Notice of Removal. As proof, defendant cites to the civil cover sheet that lists PH&S as the defendant[7] and a notice of appearance that Davis Wright Tremaine filed on behalf of PH&S in state court.[8]

---

[6]Notice of Removal of Civil Action at 1, Docket No. 1.

[7]Docket No. 2.

[8]Exhibit A at 15-16, Notice of Removal, Docket No. 1.

Defendant then suggests that plaintiffs are confused as to which Providence entity to sue because they have sued PH&S, but that the Starr-Wood contract that forms the basis of their claims was entered into by PH&S-WA, not PH&S, and that it is PH&S-WA, not PH&S, that owns and operates PAMC.[9] In response, plaintiffs point out that in its motion to dismiss, defendant contends that PH&S owns and operates PAMC and that it was PH&S that entered into the contract with Starr-Wood.[10] Thus, plaintiffs argue that defendant also seems confused about which entity might be the proper defendant in this case.

The question currently before the court is not which Providence entity is the proper defendant in this case. Rather, the question here is which Providence entity removed this case from state court. As to that question, there can be no dispute that the Notice of Removal itself expressly states that PH&S-WA was the entity that was removing the case. In addition, the declaration from Ross Newcombe which was submitted in support of the Notice of Removal concerned PH&S-WA, not defendant PH&S. Newcombe avers that he is employed by "Providence Health & Services – Washington ('Providence')" and that "Providence is a nonprofit corporation in the State of Washington with its principal place of business in Washington."[11] And, there is no dispute that PH&S-WA and PH&S are separate nonprofit corporations. Although "PH&S is a holding company and is the sole corporate member of

---

[9]Declaration of John D. Whipple [etc.] at 4, ¶ 9; 5, ¶ 13; Docket No. 11.

[10]Motion to Dismiss for Failure to State a Claim at 3, Docket No. 6.

[11]Declaration of Ross Newcombe in Support of Removal at 1, ¶¶ 1-2, appended to Notice of Removal of Civil Action, Docket No. 1.

several other entities including . . . PH&S-WA,"[12] there is nothing in the record to indicate that as a holding company, PH&S would not be able to act on its own behalf.

Based on the foregoing, it is clear that PH&S-WA was the entity that removed the case, and because PH&S-WA is not a party to this case, the case was improperly removed. To the extent that there is any ambiguity about which Providence entity removed the case, the case must still be remanded because "the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).

Plaintiffs' motion to remand is granted because this case was improperly removed by a non-party. Because the case was improperly removed by a non-party, the court need not consider the parties' arguments as to where PH&S's principal place of business is or plaintiffs' request for jurisdictional discovery.

## Conclusion

Plaintiffs' motion to remand is granted.

DATED at Anchorage, Alaska, this 8th day of November, 2018.

/s/ H. Russel Holland
United States District Judge

---

[12]Whipple Declaration at 2, ¶ 3, Docket No. 11.